**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DC GAMBLING RECOVERY, LLC<br>1001 N. West St. Ste. 1501<br>Wilmington, DE 19801<br><br>       *Plaintiff,*<br><br>  v.<br><br>AMERICAN WAGERING, INC.<br>dba CAESARS SPORTSBOOK;<br>BETFAIR INTERACTIVE US LLC<br>dba FANDUEL; BETMGM, LLC;<br>CROWN DC GAMING LLC<br>dba DRAFTKINGS; FBG ENTERPRISES<br>OPCO, LLC dba FANATICS<br><br>       *Defendants.* | Case No. 1:25-cv-01023-CJN |

**PLAINTIFF'S OPPOSITION TO INTERVENOR DISTRICT OF COLUMBIA'S
PARTIAL CONSENT MOTION FOR DEADLINE TO FILE RULE 5.1 BRIEF**

1. Plaintiff, DC Gambling Recovery, LLC, opposes "Intervenor District of Columbia's Partial Consent Motion for Deadline to File Rule 5.1 Brief," ECF No. 37, and respectfully states the following:

2. Plaintiff DC Gambling Recovery, LLC filed this action in the Superior Court of the District of Columbia on February 28, 2025.

3. On March 13, 2025, Plaintiff transmitted a copy of its complaint to the District of Columbia ("the District"), along with an accompanying "Rule 5.1 Notice." That notice flagged, "out of an abundance of caution[,] that [the] Complaint . . . potentially draws into question the legal effect of the Sports Wagering Lottery Amendment Act of 2018." Plaintiff's Rule 5.1 Notice, ECF No. 36-1 at 2.

1

4.  On March 25, Defendants contacted Plaintiff to request an extension of time to file their motions to dismiss.  Plaintiff agreed and offered 30 days.  Defendants requested 40 days instead, noting "a lot of preexisting obligations."  Plaintiff agreed, and the parties settled on a schedule: Defendants would have until May 5, 2025, to respond to the Complaint.  Plaintiff's oppositions would then be due June 16, 2025, and Defendants' replies would be due July 7, 2025.

5.  On April 4, 2025, Defendants removed the case.  Under the Federal Rules, their deadline for answering the Complaint would have been April 11, 2025.  *See* Fed. R. Civ. P. 81(c)(2).  But Plaintiff agreed to jointly move this Court to adopt the same briefing schedule the parties had settled on in the Superior Court.

6.  Defendants later sought to relitigate that agreement.  On April 9, 2025, they filed a Motion to Extend Time.  *See* Mot., ECF No. 13.  In it, they requested "until May 12, 2025, to respond to the complaint."  *Id.* at 2.  Plaintiff opposed that request, noting that Defendants did "not explain why they require[d] an *additional* 7-day extension, beyond the 40-day extension Plaintiff previously consented to."  Pl.'s Opp'n, ECF No. 18 at 2.

7.  This Court agreed with Plaintiff and rejected Defendants' extension request.  It held the parties to the schedule they had agreed to.  Under that schedule, briefing will end by July 7, 2025.  *See* Minute Order (Apr. 10, 2025).

8.  On Monday, May 12, 2025—60 days after Plaintiff served its Rule 5.1 Notice—the District informed Plaintiff of its "inten[t] to file a Rule 5.1 motion to intervene to defend the Sports Wagering Lottery Amendment Act of 2018."  *See* Parties' Email Correspondence (attached as Ex. 1) at 12.  The District also indicated it would "ask to file a brief by July 7, 2025."  *Id.*

9.  Plaintiff told the District that it would "not object to the District's motion" to intervene.  *Id.* at 8.  However, given this Court's prior scheduling order, Plaintiff believed "that any briefing

2

related to the District's intervention should also conclude by July 7." *Id.* at 7.  Accordingly, Plaintiff proposed "that the District's brief be due June 16, with any opposition or response due July 7." *Id.*

10.   The District, after it "had a chance to discuss with Defendants' counsel," rejected Plaintiff's suggestion.  *Id.* at 6.  Instead, it elaborated on its original proposal and clarified its intention to push back the entire existing schedule.  It proposed filing its Rule 5.1 motion on or before July 7, 2025.  Plaintiff would then file "Combined Oppositions to Defendants' Motions to Dismiss and the District's Rule 5.1 Motion" by July 21, 2025—35 days after the current deadline of June 16, 2025.  "Defendants' Replies in Support of Motions to Dismiss and District's Reply in Support of its Rule 5.1 Motion" would then be due August 11, 2025—35 days after the end-of-briefing deadline the parties had agreed to, and this Court had set.  *Id.*

11.   In response, Plaintiff reiterated its position that the Rule 5.1 "briefing should not push back the already extended motion to dismiss briefing schedule." *Id.* at 5.  "The parties have already litigated whether those deadlines should be extended, and the Court determined that they should not." *Id.*  And Plaintiff gave the District notice of the lawsuit—and of the specific Rule 5.1 issue— "60 days" prior, so it should "not need another two months to file its brief." *Id.*

12.   In response, the District offered no explanation for needing so much time.  Instead, it attempted to justify its requested extension because it "does not think that it is reasonable to have to file its brief without the benefit of seeing Plaintiff's opposition[s], which will be the first affirmative challenge to the law itself." *Id.* at 4.  The District also stated that, in its view, it was "eminently reasonable to request three weeks (from June 16 to July 7) to respond" to Plaintiff's oppositions.  *Id.*  The District subsequently filed its Partial Consent motion, ECF No. 37, raising the same arguments in support of a July 7, 2025, deadline for its Rule 5.1 brief.

3

13.  This Court should adhere to its prior scheduling order and should deny the District's request for an extension of the briefing window.

14.  *First*, the District has yet to offer any explanation for why it needs nearly four months to brief the single, narrow legal issue that Plaintiff flagged in its notice:  Whether "a prohibition under a 'federal statute called the Professional and Amateur Sports Protection Act ("PASPA")' remains 'in full force' in the District of Columbia," meaning "'[t]he SWLAA is . . . without any legal force or effect.'"  Plaintiff's Rule 5.1 Notice, ECF No. 36-1 at 2 (quoting Compl. ¶ 5).

15.  *Second*, the District's proposed sequencing does not make sense on its own terms.  Contrary to the District's representations, the Complaint itself constitutes an "affirmative challenge" to the SWLAA's continued applications.  Indeed, if any doubt remained, Plaintiff's Rule 5.1 Notice should have resolved it.  Given that the District has now had two months of actual and constructive notice of Plaintiff's arguments regarding the SWLAA, it should be fully equipped to file its brief by June 16, 2025—over three months after receiving notice of the Complaint.[1]

16.  For the foregoing reasons, the District should file its Rule 5.1 brief by June 16, 2025.  Any response or opposition by Plaintiff should be due July 7, 2025, allowing briefing to fully conclude in line with the Court's already-ordered schedule.

---

[1] Further evidencing that the District was simply seeking additional time, in correspondence between counsel, the District initially proposed that it would file its Rule 5.1 brief without the benefit of seeing Plaintiff's opposition at all:  it suggested filing its Rule 5.1 brief first, followed by Plaintiff's "*Combined* Oppositions to Defendants' Motions to Dismiss and the District's Rule 5.1 Motion." Ex. 1 at 6 (emphasis added).

Dated: May 19, 2025

Respectfully submitted,

*/s/ Derek T. Ho*

Derek T. Ho (D.C. Bar No. 488609)
Eliana Margo Pfeffer (D.C. Bar No. 1723571)
Mark P. Hirschboeck (D.C. Bar No. 1618827)
Kyle B. Grigel (D.C. Bar No. 90031164)
KELLOGG, HANSEN, TODD, FIGEL &
  FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Fax: (202) 326-7999
dho@kellogghansen.com
epfeffer@kellogghansen.com
mhirschboeck@kellogghansen.com
kgrigel@kellogghansen.com

*Counsel for Plaintiff*