# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DC GAMBLING RECOVERY LLC,**<br><br>*Plaintiff*,<br><br>v.<br><br>**AMERICAN WAGERING, INC. dba CAESARS SPORTSBOOK, BETFAIR INTERACTIVE US LLC dba FANDUEL, BETMGM, LLC, CROWN DC GAMING LLC dba DRAFTKINGS, FBG ENTERPRISES OPCO, LLC dba FANATICS,**<br><br>*Defendants*. | **Case No. 1:25-cv-1023-CJN** |

## INTERVENOR DISTRICT OF COLUMBIA'S RULE 5.1 BRIEF

## INTRODUCTION

Using an antiquated law known as the Statute of Anne, D.C. Code § 16-1702, Plaintiff DC Gambling Recovery LLC's lawsuit attempts to upend the District of Columbia's (the District's) efforts to legalize and regulate sports wagering. Plaintiff's suggestion that the District's sports wagering law is preempted by federal statute is simply incorrect. First, because the Supreme Court rendered the Professional and Amateur Sports Protection Act (PASPA), 28 U.S.C. § 3701 *et seq.*, a dead letter in its *Murphy v. NCAA* decision, the District permissibly legalized sports gambling. 584 U.S. 453 (2018). Second, the Sports Wagering Lottery Amendment Act of 2018 (SWLAA), D.C. Law 22-312, codified at D.C. Code § 36-621.01 *et seq.*, is unequivocally at odds with D.C. Code § 16-1702, rendering D.C. Code § 16-1702 void as applied to sports wagering. Leaving no doubt as to the incompatibility of these two laws, proposed legislation included in this year's budgetary process, pending review before the Council for the District of Columbia (the Council), would clarify existing law that D.C. Code § 16-1702 does not apply to sports wagering in the wake of the SWLAA's enactment. The Court should reject Plaintiff's arguments and preserve the District's sports wagering law.

## BACKGROUND

Plaintiff, "a company formed under the laws of . . . Delaware to enforce the District's gambling laws," originally filed this lawsuit in the Superior Court of the District of Columbia against several sportsbook operators who do business in the District of Columbia,[1] alleging that it was entitled to treble damages under the District's Statute of Anne, D.C. Code § 16-1702, which allows for the recovery of gambling losses over $25. *See* Notice of Removal, Complaint

---

[1] Plaintiff brought this suit against the following five licensed sportsbook operators in the District of Columbia: American Wagering, Inc. (Caesars), Betfair Interactive US LLC (FanDuel), FBG Enterprises Opco, LCC (Fanatics), BetMGM, LLC (BetMGM), and Crown DC Gaming LLC (DraftKings).

[1-1]. Plaintiff's argument, in part, suggests that the District's legalization of sports gambling under the SWLAA is preempted by federal law. Compl. ¶ 33. Defendants removed Plaintiff's lawsuit to this Court on April 4, 2025, and moved to dismiss on May 5, 2025. *See* Defs. Caesars, FanDuel, Fanatics' Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss (FanDuel Mem.) [30-1]; Defs.' BetMGM, DraftKings' Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss (DraftKings Mem.) [32-1]. On May 12, 2025, the District moved to intervene to defend the validity of the SWLAA, under Rule 5.1(c), which the Court granted on May 14, 2025. *See* May 14, 2025 Min. Ord. The Court ordered the District to file its Rule 5.1 brief on or before June 23, 2025, one week after Plaintiffs' combined opposition to Defendants' motions to dismiss was due. *See* May 21, 2025 Min. Ord. On June 16, 2025, Plaintiff filed its omnibus opposition. *See* Pl.'s Omnibus Opp'n to Defs.' Motions to Dismiss (Pl.'s Opp'n) [39].

## ARGUMENT

As relevant to the validity of the SWLAA, Plaintiff makes a two-pronged argument. On the one hand, Plaintiff argues that the Supreme Court's decision in *Murphy*, which invalidated PASPA under the Tenth Amendment's anti-commandeering doctrine, does not apply to the District because the District is not a state. *See* Compl. ¶ 32; *see also* Pl.'s Opp'n at 46. Therefore, the SWLAA is necessarily preempted by PASPA, and unconstitutional. Compl. ¶ 33; *see also* Pls.' Opp'n at 48. On the other, Plaintiff argues that even if PASPA no longer applies in the District, the SWLAA and D.C. Code § 16-1702 are perfectly harmonious, leaving Plaintiff eligible to recover lost wagers over $25 plus treble damages against the licensed sportsbooks. Compl. ¶ 34; *see also* Pls.' Opp'n at 33.

With the opportunity to review the Parties' filings, and in an effort to avoid duplicative briefing, the District adopts Defendants' arguments as to the effect of *Murphy* on PASPA, and the incompatibility of the SWLAA and D.C. Code § 16-1702. As to PASPA, because the

3

Supreme Court declared PASPA invalid in its entirety in *Murphy* and found no provision severable from its unconstitutional provisions, the District was free to legalize sports gambling. *See* FanDuel Mem. at 42–45; DraftKings Mem. at 22–24. As such, PASPA is no longer in force in the District or anywhere else and thus does not bar the SWLAA. As to the compatibility of the SWLAA and D.C. Code § 16-1702, exposing sportsbook operators to liability for bets placed over $25 is fundamentally incompatible with the District's broader legalization and regulation of sports wagering. *See* FanDuel Mem. at 35–39; DraftKings Mem. at 16–22. Therefore, the SWLAA repealed D.C. Code § 16-1702 as to sports wagering. *See e.g.*, FanDuel Mem. at 36–39.

The District also notes that there is legislation pending before the Council, as part of the Mayor's budget for fiscal year 2026, that would explicitly clarify what the SWLAA already did by making clear that D.C. Code § 16-1702 does not apply to sports wagering, retroactive to the passage of the SWLAA. *See* B26-0265 – Fiscal Year 2026 Budget Support Act of 2025, Council of the District of Columbia, https://lims.dccouncil.gov/Legislation/B26-0265; https://tinyurl.com/54pydz5w (Mayor's submission to the Council) at 67. More specifically, the proposed legislation would make the following amendments to clarify existing law:

(1) The existing text is designated as subsection (a).

(2) New subsections (b) and (c) are added to read as follows:

> "(b) This section shall not apply to sports wagering authorized by Title III of the Law to Legalize Lotteries, Daily Numbers Games, and Bingo and Raffles for Charitable Purposes in the District of Columbia, effective May 3, 2019 (D.C. Law 22-312; D.C. Official Code § 36-621.01 et seq.).

> "(c) This section shall not apply to card gaming authorized by Title V of the Law to Legalize Lotteries, Daily Numbers Games, and Bingo and Raffles for Charitable Purposes in the District of Columbia, as introduced on April __, 2025 (Bill 26-___).".

4

> (b) Section 16-1702(b) of the District of Columbia Official Code shall apply as of the effective date of the Sports Wagering Lottery Amendment Act of 2018, effective May 3, 2019 (D.C. Law 22-312; 66 DCR 1402).

*Id.* at 67.[2]

Thus, if the Council enacts the proposed amendments, the amendments will definitively moot this case by making it even more clear that Plaintiff lacks a cause of action. *See Am. Bar Ass'n v. FTC*, 636 F.3d 641, 643 (D.C. Cir. 2011) ("It is well established that a case must be dismissed as moot if new legislation addressing the matter in dispute is enacted while the case is still pending." (citing *Dep't of Treasury v. Galioto*, 477 U.S. 556, 559–60 (1986)).

## CONCLUSION

The Court should reject Plaintiff's challenge to the SWLAA.

Date:  June 23, 2025

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

*/s/ Honey Morton*
HONEY MORTON [1019878]
Assistant Chief, Equity Section

*David R. Wasserstein*
DAVID R. WASSERSTEIN [1736006]

---

[2]  The Council is currently holding hearings on the Mayor's budget proposal and plans to vote on the 2026 budget by August of this year.  *See* Council of the District of Columbia, *2024-2025 Performance Oversight & FY 2026 Budget Schedules*, https://dccouncil.gov/2024-2025-performance-oversight-fy-2026-budget-schedules/ (last visited, June 23, 2025).

5

Assistant Attorney General
Civil Litigation Division
400 6th Street NW
Washington, D.C. 20001
Phone: (202) 442-9784
Email: david.wasserstein@dc.gov
*Counsel for District of Columbia*